JUDGE JONES

535-07/MEU
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
PHOENIX SHIPPING CORPORATION
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



07 CIV 9442

OCT 23 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PHOENIX SHIPPING CORPORATION,

          Plaintiff,

 - against –

NAMAH CHEM (PTY) LIMITED,

          Defendant.
------------------------------------------------------------x

07-CV-

**VERIFIED COMPLAINT**

 Plaintiff PHOENIX SHIPPING CORPORATION (hereinafter "Plaintiff" or "PHOENIX"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against the Defendant NAMAH CHEM (PTY) LIMITED (hereinafter "NAMAH CHEM"), alleges upon information and belief as follows:

 1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et* seq.

NYDOCS1/292270.1

2. At all times relevant hereto, Plaintiff PHOENIX was and still is a domestic foreign business entity duly organized and existing under the laws of the United States with an address at 1013 Centre Road, Wilmington, Delaware..

3. At all times relevant hereto, Defendant NAMAH CHEM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 43 Tulbagh Road, Corner Trigg Road, Pomona, Kempton Park, Johannesburg, South Africa.

4. On or about March 13, 2007, Plaintiff PHOENIX, as disponent owner, and Defendant NAMAH CHEM, as charterter, entered into a voyage contract under which Defendant NAMAH CHEM was to ship 20,000 metric tons of various break bulk goods from China to South Africa.

5. Under the terms of the charter, on March 29, 2007 Plaintiff PHOENIX nominated the M/V SLOVENIJA to carry the cargo.

6. In response, on April 3, 2007, Defendant NAMAH CHEM advised that it was not in a position to fulfill its contractual obligations to ship 20,000 metric tons of bagged product.

7. Instead, Defendant NAMAH CHEM suggested two options, neither of which was viable or acceptable to Plaintiff PHOENIX which had already chartered the SLOVENIJA to carry Defendant NAMAH CHEM's cargo. Defendant NAMAH CHEM, therefore advised Plaintiff PHOENIX to "try your very best to secure alternative cargo" in order to minimize their dead freight exposure.

8. Defendant NAMAH CHEM was in repudiatory breach of the charter by not being in a position to perform its obligations thereunder.

9. Plaintiff PHOENIX thereafter accepted the breach on the part of Defendant NAMAH CHEM and sought to mitigate its damages by seeking alternative employment for the vessel.

10. Notwithstanding its efforts to mitigate, Plaintiff PHOENIX has sustained damages in the sum of $147,290.00 as a result of Defendant NAMAH CHEM's breach.

11. Plaintiff PHOENIX has fulfilled all obligations required of it under the charter party.

12. The charter party provides for the application of English law and disputes between the parties are to be resolved in arbitration at London, where arbitration has already been commenced. Plaintiff PHOENIX specifically reserves its right to arbitrate the substantive matters at issue.

13. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs, including attorney fees, arbitrators' fees, disbursements and interest are recoverable.

14. Plaintiff PHOENIX estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $50,000.00 and interest on its damages are estimated to be $22,000.00 (calculated at the rate of 7% per annum compounded quarterly for a period of two years, the estimated time for completion of the proceedings in London).

15. This action is brought to obtain jurisdiction over NAMAH CHEM and to obtain security in favor of Plaintiff PHOENIX in respect to its claims against NAMAH CHEM and in aid of London proceedings.

16. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the arbitration and interest.

17. Upon information and belief, and after investigation, Defendant NAMAH CHEM cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), moving through banking institutions and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein, with the total amount to be attached being $219,290.00.

WHEREFORE, Plaintiff PHOENIX SHIPPING CORPORATION prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $147,290.00 plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of $219,290.00 be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant NAMAH CHEM (as identified herein) moving through or within the banking institutions and/or any other institutions or any garnishees who may be served

    with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.    That this Court enter an order directing and compelling the defendant to appear and defend in the arbitration;

d.    That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary, including enforcement of the award and entry of judgment thereon; and,

e.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       October 23, 2007

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                PHOENIX SHIPPING CORPORATION

By: _____
      Michael E. Unger (MU 0045)
      80 Pine Street
      New York, NY 10005
      (212) 425-1900
      (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client through their English solicitors.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                Michael E. Unger

Sworn to before me this
23rd day of October, 2007

Notary Public
MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ OC

NYDOCS1/292270.1